UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOME DYNAMIX, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>SILK ROAD TRADE LLC, OMER YUSUFOGLU,<br><br>          Defendants. | Civil Action No.<br>(Newark Vicinage)<br><br>Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Home Dynamix, LLC ("Home Dynamix"), by way of its undersigned attorneys, for their Complaint against Defendant Silk Road Trade LLC ("Silk Road") and Defendant Omer Yusufoglu ("Yusufoglu"), alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is an action for copyright infringement in violation of the laws of the United States. Plaintiff seeks a permanent injunction, damages and related relief.

## PARTIES

2. Plaintiff Home Dynamix is a limited liability company formed under the laws of New Jersey.

3. Upon information and belief, Defendant Silk Road was formed under the laws of New Jersey.

4. Upon information and belief, Defendant Yusufoglu is the owner of Silk Road and resides in New Jersey.

## JURISDICTION & VENUE

5. The Court has jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper under 15 U.S.C. §§ 1391(b) and (c), because, upon information and belief, Defendants do business in, have substantial contacts with and/or may be found in the

District of New Jersey, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

## BACKGROUND AND FACTS

7. Home Dynamix is a wholesale manufacturer and distributer of rugs that has been in business for over two decades. It sells its products primarily to large "Big Box" retailers but also has smaller retailers as customers. Home Dynamix uses factories outside the United States to manufacture the rugs it designs (the "Home Dynamix Designs").

8. Plaintiff Home Dynamix owns the rights to various carpet and rug designs that have been filed or otherwise duly registered with the U.S. Copyright Office.

9. Defendant Silk Road previously was a retail customer of Plaintiff buying various rugs from Home Dynamix for sale to consumers, including the Home Dynamix Designs. Defendant Silk Road currently sells the Home Dynamix Designs online, including on Amazon.com, Rugfun.com, and RugLLC.com, using the vendor name "Palazzoni" and "RUGLLC". The Home Dynamix Designs are sold using product brand names such as "Kayra".

10. At all times relevant hereto, Defendants have manufactured, purchased, imported, distributed, advertised, offered for sale and sold goods with designs substantially similar to the Home Dynamix Designs. Such goods were offered for sale within this judicial district with full knowledge that the goods were resold in New Jersey and within the judicial district or could reasonably be expected to be resold in New Jersey and within this judicial district.

11. Upon information and belief, Defendant Yusufoglu owns and/or controls Defendant Silk Road and is the alter ego of Silk Road. Upon further information and belief, Defendant Yusufoglu has had, at all times relevant to this action, the ability to control and supervise the activities of Silk Road. Upon further information and belief, Yusufoglu personally orchestrated the infringing activity that is the subject of this action.

12. Defendant Yusufoglu through Defendant Silk Road, has reproduced and distributed rugs substantially similar to the Home Dynamix Designs without the authorization of Plaintiff Home Dynamix and in violation of Plaintiff's exclusive rights in the Home Dynamix Designs.  Defendants designed, manufactured, imported, exported, distributed, advertised, offered for sale and/or sold Defendants' rugs knowing sales were based on the Home Dynamix Designs.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

13. Plaintiffs repeat and reallege each of the allegations contained in paragraph 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

14. Plaintiff is the owner of all rights under copyright to the Home Dynamix Designs.

15. The Home Dynamix Designs are filed or othersise duly registered with the United States Copyright Office and such copyright in the Home Dynamix Designs is valid and subsisting.

16. Defendant Yusufoglu through Defendant Silk Road, has reproduced and distributed rugs substantially similar to Home Dynamix Designs without the authorization of Plaintiff Home Dynamix, in violation of Plaintiff's exclusive rights in the Home Dynamix Designs.  A comparison of some of the designs in question areattached hereto as Exhibit "A"

17. The unauthorized use by Defendants of the Home Dynamix Designs used in Defendants' rugs was and is knowing and willful.

18. The aforementioned conduct is in violation of the Copyright Act of 1976, as amended (17 U.S.C. § 101 et seq.), and as a result of such copyright infringement by Defendants, Plaintiff has suffered monetary damages and will also suffer irreparable harm should the infringing conduct not cease.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Home Dynamix, LLC demands judgment as follows:

1. An order preliminarily and permanently enjoining Defendants, their employees, agents, licensees, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with any of them, including any entities controlled in whole or in part by any of the Defendants or their parents in the future, from: (a) imitating, copying or making unauthorized use of the Home Dynamix Designs; (b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy or colorable imitation of the Home Dynamix Designs; (c) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Home Dynamix Designs, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purposes of circumventing, evading, or avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(c) above.

2. An order requiring Defendants to preserve and produce all documents and things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for sale and sale of any goods bearing the Home Dynamix Designs, including but not limited to, any written, typed, photocopied, computer generated or stored, or other communications or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control.

3. An order requiring Defendants to deliver for destruction all goods, schematics, artwork, prints, dies, plates, loom patterns, molds and any other means of production, in their possession, custody or control bearing resemblance to the Home Dynamix Designs.

4. An order for Defendants to account to Plaintiff for sales of any and all rugs sold containing the Home Dynamix Designs.

5. An order directing such relief as to the Court deems appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Plaintiff or is related to or associated in any way with Plaintiff's goods.

6. An award to Plaintiff of monetary relief pursuant to 17 U.S.C. § 504 for Defendants' willful copyright infringement, including Plaintiff's actual damages, Defendants' profits, and/or statutory damages of $150,000 per infringing work.

7. An award to Plaintiff of all profits realized by Defendants by virtue of their wrongful acts and directing that such profits be trebled due to Defendants's willful or willfully blind actions.

8. An award of punitive damages against Defendants.

9. An order directing Defendants to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with requirements of the foregoing order.

10. An award of Plaintiff's costs in this civil action, including reasonable attorneys' fees and expenses, investigatory fees, and pre-judgment interest.

11. An order providing that the Court retains jurisdiction of this action enabling Plaintiff to apply to the Court at any time for such further order, including any order interpreting, modifying or enforcing compliance with a prior order or providing for punishment for the violation of any order.

12. An order granting to Plaintiff such other and further relief as the Court may deem just and proper.

Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff hereby demands a trial by jury on all issues.

                By:  /s/ Paul E. Paray
                    Paul E. Paray
                    Paray Law Group, LLC
                    42 East Allendale Avenue
                    Allendale, New Jersey 07401
                    Tel (201) 345-2449
                    Fax (201) 301-9171
                    paulp@paraylaw.com

                    Attorneys for Plaintiff Home Dynamix, LLC

Dated:  July 17, 2017

# EXHIBIT "A"

## Silk Road/Palazzoni                    Home Dynamix




TRIBECA-RUG-N_HD5387-602




TRIBECA-RUG-N_HD5391-999

## Silk Road/Palazzoni     Home Dynamix




TRIBECA-RUG-N_HD5382-540




PREMIUM_7542-500